IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| David Woodruff,<br><br>      Plaintiff,<br><br>  v.<br><br>Red Classic Transit, LLC,<br><br>      Defendant. | Civil Action No. 3:19-cv-00050 |

## NOTICE OF REMOVAL

Defendant, Red Classic Transit, LLC, by counsel, pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 1441 and 1446, timely files its Notice of Removal based on federal question jurisdiction, removing this action from the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County to the United States District Court for the Western District of North Carolina. In support of this removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      On or about December 21, 2018, Plaintiff, David Woodruff ("Plaintiff") filed a civil action against Defendant as well as CCBCC, Inc., CCBCC Operations, LLC, Coca-cola Bottling Co. Consolidated, Red Classic Services, LLC, and Red Classic Transportation Services, LLC in the Superior Court of Mecklenburg County, North Carolina, Case No. 18-CVS-24073 (the "Civil Action"). A true and correct copy of the Complaint and Summons issued to Defendant is attached hereto as **Exhibit A**.

2.      Defendant was served with a copy of the Complaint in this case on January 2, 2019.

3. On January 31, 2018, Plaintiff filed a Notice of Voluntary Dismissal, dismissing all other defendants except Defendant. A copy of the Notice of Voluntary Dismissal is attached hereto as **Exhibit B.**

4. The Superior Court of Mecklenburg County, North Carolina lies within the jurisdiction of the United States District Court for the Western District of North Carolina.

5. Defendant is timely filing this Notice of Removal within (30) days of receipt of the Summons and Complaint.

6. In the Civil Action, Plaintiff seeks damages for alleged violations of federal law, including the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. (the "ADA") and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. (the "FMLA").

## ANALYSIS

7. An action can be removed to federal court if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Therefore, a defendant seeking to remove an action must show the federal court has original jurisdiction over the civil action either through diversity of citizenship under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. §§ 1331, 1441. In this case, removal is appropriate because this Court possesses original jurisdiction under federal question jurisdiction.

8. Generally, federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pled complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. In this case, Plaintiff asserts claims for violations of two federal laws: the ADA and FMLA. (*See* Complaint, Ex. A, at ¶¶ 23-39). Having expressly pled federal claims, this Court has

2

original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and this action can be removed to this Court pursuant to 28 U.S.C. § 1441(a), (c).

## PROCEDURAL REQUIREMENTS HAVE BEEN MET

10. Venue exists in the Western District of North Carolina pursuant to 28 U.S.C. § 1441(a) because the Mecklenburg County Superior Court is located within this judicial district.

11. In accordance with 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all processes and pleadings served on the Defendant in this action.

12. In accordance with 28 U.S.C. 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Western District of North Carolina, Defendant will provide notice of the filing of this Notice of Removal to the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County and to Plaintiff by mailing copies of this Notice of Removal to all adverse parties and the Clerk of Superior Court for Mecklenburg County, North Carolina. A copy of the Notice of Filing Notice of Removal of Action to Federal Court is attached hereto as **Exhibit C.**

## CONCLUSION

13. This Court has original jurisdiction over this action under federal question jurisdiction.

14. Removal of this action is proper because all formal requirements for removal have been met.

WHEREFORE, Defendant Red Classic Transit, LLC respectfully requests that this civil action be removed to the United States District Court for the Western District of North Carolina.

Respectfully submitted this the 31st day of January, 2019.

>RED CLASSIC TRANSIT, LLC
>
>By: Spilman Thomas & Battle, PLLC
>
>*/s/ Carrie Harris Grundmann*
>JEFFREY D. PATTON
>N.C. State Bar No. 21246
>CARRIE HARRIS GRUNDMANN
>N.C. State Bar No. 52711
>110 Oakwood Drive, Suite 500
>Winston-Salem, NC 27103
>Telephone: (336) 725-4710
>Facsimile: (336) 725-4476
>jpatton@spilmanlaw.com
>cgrundmann@spilmanlaw.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing ***Notice of Removal*** has been duly served on Plaintiff via United States First Class Mail, postage paid, addressed as follows:

> Emily Vennum, Esq.
> Vennum PLLC
> PO Box 12105
> Charlotte, NC 28220
>
> *Counsel for Plaintiff*

This 31st day of January, 2019.

>  */s/ Carrie Harris Grundmann*
> CARRIE HARRIS GRUNDMANN
> N.C. State Bar No. 52711